Martinez-Martinez v. Bondi

BIA
Christensen, IJ
A220 894 130/131/132/133

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand twenty-five.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> EUNICE C. LEE,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

DIEGO HERNAN MARTINEZ-MARTINEZ, HABIBI ANTONELLA MARTINEZ-MARINO, LENNY YURANY MARINO-ORDUNA, NAHYAM VALERIA IBAGUE-MARINO,
> *Petitioners,*

v.                                                        **23-7004**
                                                         **NAC**

**PAMELA BONDI, UNITED STATES**

**ATTORNEY GENERAL,**
       *Respondent.*

_____

FOR PETITIONERS:            Matthew Krein, Esq., MacMurray &
                            Associates, New York, NY.

FOR RESPONDENT:             Brian M. Boynton, Principal Deputy Assistant
                            Attorney General, Civil Division; Ilana J.
                            Snyder, Senior Litigation Counsel, Office of
                            Immigration Litigation; Joanna L. Watson,
                            Senior Trial Attorney, Office of Immigration
                            Litigation, United States Department of
                            Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of

Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND

DECREED that the petition for review is DENIED.

Petitioners Diego Hernan Martinez-Martinez, Habibi Antonella Martinez-

Marino, Lenny Yurany Marino-Orduna, and Nahyam Valeria Ibague-Marino,

natives and citizens of Colombia, seek review of an August 8, 2023 decision of the

BIA that affirmed an August 2, 2022 decision of an Immigration Judge ("IJ")

denying asylum and withholding of removal.[1]  *In re Diego Hernan Martinez-*

---

[1] The Petitioners do not challenge the agency's denial of relief from removal under the Convention Against Torture.  *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("consider[ing] abandoned any claims not adequately presented in an appellant's brief" (quotation marks omitted)).

2

*Martinez, et al.*, Nos. A220 894 130/131/132/133 (B.I.A. Aug. 8, 2023), *aff'g* Nos. A220 894 130/131/132/133 (Immigr. Ct. N.Y.C. Aug. 2, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review factual findings for substantial evidence and questions of law and application of law to fact de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Petitioners alleged that they were threatened in 2011 and again in 2021 because of Martinez-Martinez's affiliation with a right-wing political party. "Both asylum and withholding of removal depend on a showing of persecution. To qualify as persecution the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly engaged in by private persons whom the government is unable or unwilling to control." *Singh v. Garland*, 11 F.4th 106, 114 (2d Cir. 2021) (quotation marks omitted). Here, substantial evidence supports the agency's conclusion that

3

Martinez-Martinez failed to show that he and his family were targeted by members of the Colombian government. Even assuming the threats came from members of a rival political party, this harm does not constitute persecution by the government because "[m]embers of a political party are not the government; for mistreatment inflicted by party members to amount to persecution, an applicant must show that the government was unwilling or unable to control the attackers." *Id*. at 115.

Substantial evidence also supports the agency's determination that Martinez-Martinez failed to prove that Colombian authorities were unable or unwilling to protect him and his family from private party persecution. "[T]o demonstrate persecution based on private party violence, a[ noncitizen] must show either that the government condoned the action or, even if it did not, that it was completely helpless to protect the victims." *Scarlett v. Barr*, 957 F.3d 316, 332 (2d Cir. 2020); *see also Singh*, 11 F.4th at 114–15.

Martinez-Martinez reported the threats and testified that the police took all his evidence and were investigating, and his wife further testified that the case was forwarded to prosecutors. *See Flores Anyosa v. Whitaker*, 758 F. App'x 88, 91 (2d Cir. 2018) (concluding that applicant failed to show authorities were unwilling or

4

unable to protect him where "police did not arrest" the applicant's attacker, but "respon[ded] to his report" and gathered evidence). Thus, this case is distinguishable from situations where an applicant has reported multiple violent incidents, and the police have taken no action. *Cf. Aliyev v. Mukasey*, 549 F.3d 111, 119 (2d Cir. 2008) (concluding that agency failed to sufficiently consider that "despite repeated reports of violence to the police, no significant action was taken"). Moreover, Martinez-Martinez did not present country conditions evidence, and the State Department's 2021 human rights report, of which the IJ took administrative notice,[2] reasonably supports the agency's conclusion that the Colombian government was not unwilling or unable to protect him and his family. The report acknowledges the existence of armed groups, but also that "[t]he government investigated . . . and prosecuted those responsible to the extent possible," and reflects that the most recent elections were "considered free and fair and the most peaceful in decades," with no mention of the party Martinez-Martinez was affiliated with or of violence against supporters of right-wing political parties. *See* U.S. Dep't of State, *Colombia 2021 Human Rights Report*, 1–2,

---

[2] Petitioners did not challenge that action on appeal to the BIA, the BIA found any challenge waived, and Petitioners do not challenge it here. *See Debique*, 58 F.4th at 684.

https://www.state.gov/reports/2021-country-reports-on-human-rights-practices/colombia [https://perma.cc/V96X-AHTN]; *see also id*. at 24–25.

Because the agency's conclusion that Martinez-Martinez failed to establish that the government was unable or unwilling to protect him is dispositive of asylum and withholding of removal, *Singh*, 11 F.4th at 114, we need not reach the agency's alternative findings regarding whether the threats rose to the level of persecution or the possibility of future harm, *see INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Finally, we deny the request for remand to further develop the record. We "decide the petition only on the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A). Any new evidence should be presented to the agency in the first instance through a motion to reopen. *Id.* § 1229a(c)(7); 8 C.F.R. § 1003.2(c); *see also Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269 (2d Cir. 2007) (concluding that even if we have "inherent power to remand for additional fact-finding . . . exercise of such an inherent power is not warranted if . . . [i] the basis for the remand is an instruction to consider documentary evidence that was not in the record before the BIA; and [ii] the agency regulations set forth

6

procedures to reopen a case before the BIA for the taking of additional evidence").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court